United States Courts
Southern District of Texas
FILED

*3/4/25*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

VALERIE J. MURPHY

    Plaintiff,

v.

HOUSTON INDEPENDENT SCHOOL
DISTRICT
    Defendant,

§
§
§
§
§
§
§
§
§

Civil Action No. _____

## COMPLAINT

Plaintiff Valerie Murphy, files this Complaint against Defendant Houston Independent School District (HISD) and alleges as follows:

### Nature of the Action

1. This is an action for employment discrimination and failure to accommodate under the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq  Keithly v. Univ. of Tex. Southwestern Med. Ctr. at Dallas, 2003 U.S. Dist. LEXIS 20857  Washington v. Davis, 2002 U.S. Dist. LEXIS 20891., and the Rehabilitation Act of 1973, 29 U.S.C. 701 et seq.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, as it arises under federal law, specifically the ADA and the Rehabilitation Act  Sonier v. Montgomery, 2017 U.S. Dist. LEXIS 60913. Venue is proper in this district under 28 U.S.C. 1391(b) because the events giving rise to this action occurred in the Southern District of Texas.  Corbitt v. S. Refrigerated Transp., Inc., 2006 U.S. Dist. LEXIS 78761  J & J Mfg. v. Logan, 24 F. Supp. 2d 692

### Parties

3. Plaintiff Valerie Murphy is a resident of Houston, Texas, and was employed by HISD in the Department for External Funding.

4. Defendant Houston Independent School District is a public school district located in Houston, Texas.

## Factual Allegations

5. From the onset of her employment, Ms. Murphy was subjected to disparaging and harassing treatment by HISD.

6. The harassment and mistreatment escalated as HISD became aware of Ms. Murphy's medical conditions.

7. Ms. Murphy was repeatedly denied ADA accommodations and leave requests for essential medical care for her disabilities on specific dates: 12/8/2023, 2/26/2024. 4/4/2024. 4/26/2024. 05/10/2024

8. Ms. Murphy was the only patently disabled employee in her department and was held to higher standards, hours, and rules.

9. As her medical condition worsened, she was assigned more tasks and subsequently written up for not perfectly completing them due to her unaccommodated medical condition.

10. Ms. Murphy was terminated on 5/3/2024.

11. Ms. Murphy verbally informed HISD of her back pain and requested a standing desk and ergonomic chair.

12. HISD provided a standing desk but did not purchase an ergonomic chair as recommended by HISD's appointed physician at HISD's onsite NEXT Clinic.

13. Ms. Murphy submitted an ADA accommodation request for an ergonomic chair, which was never granted.

## Claims for Relief

### Count I: Discrimination under the ADA

14. HISD discriminated against Ms. Murphy by subjecting her to disparate treatment, harassment, and ultimately terminating her employment because of her disability. The ADA prohibits discrimination against a qualified individual with a disability in regard to job application procedures, hiring, advancement, discharge, compensation, job training, and other terms, conditions, and privileges of employment  Howard v. North Miss. Medical Ctr., 939 F. Supp. 505  Dortch v. Boxer Prop. Mgmt. Corp., 2006 U.S. Dist. LEXIS 60501. 42 U.S.C. 12112(a)  Reiter v. AT&T, 2018 U.S. Dist. LEXIS 67078, Bailey v. Dallas Cnty. Schs, 2016 U.S. Dist. LEXIS 180840.

## Count II: Failure to Accommodate under the ADA

15. HISD failed to provide reasonable accommodations for Ms. Murphy's disability, including denying her requests for an ergonomic chair and necessary medical leave  Barnard v. L-3 Communs. Integrated Sys. L.P., 2017 U.S. Dist. LEXIS 139235. Under the ADA, an employer is required to make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability unless the employer can demonstrate that the accommodation would impose an undue hardship Hebert v. Ascension Parish Sch. Bd., 396 F. Supp. 3d 686. 29 C.F.R. 1630.9  [TEXT REDACTED BY THE COURT], Corie E., Complainant, v. Jacob J. Lew, Secretary, Department of the Treasury (Internal Revenue Service),  Rayha v. UPS, 940 F. Supp. 1066.

## Count III: Retaliation under the ADA

16. HISD retaliated against Ms. Murphy for requesting accommodations and medical leave by subjecting her to increased scrutiny, assigning her more tasks, and ultimately terminating her employment. The ADA prohibits retaliation against an individual for opposing any act or practice made unlawful by the ADA or for participating in any manner in an investigation, proceeding, or hearing under the ADA  Robinson v. Cajun Indus. LLC, 2022 U.S. Dist. LEXIS 156654  Dupre v. Harris County Hosp. Dist., 8 F. Supp. 2d 908. 42 U.S.C. 12203(a)  7.1.

## Prayer for Relief

**WHEREFORE**, Plaintiff Valerie Murphy respectfully requests that this Court:

Declare that the acts and practices complained of herein are in violation of the ADA and the Rehabilitation Act and $15 million in damages as follows;

Award Plaintiff compensatory damages for lost wages, benefits, and other remuneration;

Award Plaintiff damages for emotional distress, pain, and suffering;

Award Plaintiff punitive damages;

Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in this action;

Grant such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Valerie Murphy

613 Buelwood Court

Desoto, Texas 75115

valermur1@aol.com

# Exhibit A:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/17/2024

**To:** Miss. Valerie Murphy,
14914 Vintage Preserve Parkway Unit #6203
Houston, TX 77070
Charge No: 460-2024-06221

EEOC Representative and email:     RAFAEL RIVERA
EO Investigator
rafael.rivera@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 460-2024-06221.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
12/17/2024
Rayford O. Irvin
District Director